IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Azael Dythian Perales, | ) | C/A No. 3:12-957-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Microsoft Corporation, et al; Vulcan Inc, et al; William Henry Gates, III, aka Bill; Melinda French Gates; Paul Gardner Allen; Steve Ballmer; Dina Dublon; Raymond V Gilmartin; Reed Hastings; Maria M Klawe; David F Marquardt; Charles H Noski; Dr Helmut Panke; John W Thompson; Yahoo Inc, et al; Roy Bostock, Chairman; Scott Thompson, CEO; Jerry Yang; Alfred Amoroso; Patti Hart; Sue James; Vyomesh Joshi; David Kenny; Arthur Kern; Brad Smith; Maynard Webb; Gary Wilson; Warren Buffett; Michael Larson; Charlie Munger; Cascade Investment LLC, et al; Berkshire Hathaway Inc, et al; United States of America, et al; US Internal Revenue Service, et al; US Department of Labor, et al; Hilda L Solis; Barack H Obama; Hillary R Clinton; John Boehner; James E Clyburn; David R Obey; John M Spratt, Jr.; John Conyers, Jr.; Edolphus Towns; Bob Sasser; Roy Blunt; Elaine L Chao; Janet Napolitano; Robert Gates; Douglas Shulman; John E Potter, aka Jack; Robert S Mueller; Eric H Holder; Mark Sullivan; Leon Edward Panetta; Charles B Rangel; George Miller; Robert Brady, AGR; Vernon Ehlers; Duncan Hunter; Jerry Lewis; Christopher Cox; Nancy Pelosi; Maxine Waters; Samuel A Alito, Jr.; Henry Waxman; Lynn C Woosley; Henry A Waxman; Arlen Specter; Jane Harman; Peter Hoekstra; Gene Green; Doc Hastings; Louise M Slaughter; Thad Cochran, US Senator; Chuck Grassley; Charles E Schumer; Timothy Geithner; Joseph R Biden; Christopher J Dodd; Daniel Inouye; Robert C Byrd, Late; Edward M Kennedy; Micheal DeWine; George V Voinovich; Lamar Byron L Dorgan; Jefferson B Sessions; Joseph I Lieberman; Olympia J Snowe; Appeals Patty Murray; John D Rockefeller, IV; Alexander; Pete V Domenici; Elizabeth Dole; John Edwards; John Warner; John G Roberts; Anthony M Kennedy; Ruth Bader Ginsburg; Clarence Thomas; Barbara Boxer; Dianne Feinstein; Patrick Leahy; Ben S Bernanke; Don Bankhead; Michael Sellers; Arnold Schwarzenegger; John A Perez; Shawn Nelson; Chris Norby; Mimi Walters; Art Brown; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |

Tom Monson; John O'Colvin; Matthew S Petersen; Edmund G Brown; Norman Y Mineta; J Dennis Hastert; Deborah Bowen; Michael Steele; Tim Kaine; Loretta Sanchez; Ed Royce; Hazel Cash; Alice M Batchelder; Leonard Green; Cathryn Lovely; Clarence Maddox; John P Murtha; David Drier; Peter Stark; Jan Horbaly; Emily C Hewitt; Randall Radar; Sonia M Sotomayer; Antonin Gregory Scalia, aka Nino; Elvi de Quiroz; Linn Dyk; Marshal David M Singer; Audrey B Collins; James V Selna; George W Bush; Alberto R Gonzalez; Condoleezza Rice; Karl Rove; Richard B Cheney; Mitch McConnell, US Senator; Steny Hoyner; Harry Reid, US Senator; Dick Durban; Rahm Emanuel; R N Armen, Jr; Ralph C Conte; Bradley DeBerg; Susan Stoker; Christina Reiss; Tony Rackauckas; Elena Kagan; Andre Birotte, Jr.; Alex Kozinski; Gerald E Lynch; Russell G Weiner; Marian B Horn; Barney Frank; Orrin Hatch; Dale E Kildee; Thomas Davis; Spencer Bachus; John Spratt; Paul Ryan; Michael B Enzi; John Ashcroft; Curt Pringle; Tom Tait; Trent Lott; Tom Daschle; Susan K Lee; Curtis L Collier; Dale M Cundiff; Kenneth Feinberg; Steve Scalise; Nancy Mayer Whittington; Tom Daly; Lyle W Cayce; Shelly E Saltzman; Rose E Chavez; Greg M Conger; Yvonne T Dixon; Ronald Meisburg; A Gragera, CA EDD; Brian Cornell; Ralph C Dawson; Don Chang, CEO of Forever 21 Retail Inc et al; Andrew A Connell; Ruth Jones; Annie Wing; Russ Hayden; Daniel J Lynch; Steven J McAuliffee; Mike Duke, CEO of Walmart Inc et al; Barbara Pisaro; Kizito Namulandan; James F Bellot; Micheal Seto; Stephen Bryer; Bill Canepa; John Chiang; Ralph C Conte; Marilyn R Abbott; Steve Cooley; Michael Courlander; G De La Torre; Robert R Di Trolio; Paul H Dobson; Dr William Frisk; Alissandra Geliga; Sandra Lynch; Paul Micheal; Fernando M Olguin; Greg L Prickett; J Douglas Steere; Daniel VanHorn; Scott Burns, Executive Director of the National District Attorneys Association; David Carey, President Hearst Magazines; Tom Cochran, CEO & Exec Dir of US Conference of Mayors; James C Duff; Stephen Eastman, President of Target.com; 2005-2006 Hon Randall Edwards, Oregon; William H Gates, III; Benjamin Todd Jealous; 2007-2008 Hon Lynn Jenkins, Kansas; Steve Paul Jobs; Lawrence R Johnston, CEO of Albertson's 2011-2006; Elizabeth B Kautz; Gayle King; 2010 Hon James B Lewis, New Mexico; Jack Markell; Kwesi Mfume; Cameron Moody, Director of the Office of Adminstration; Robert Louis Nardelli; National Association of State Treasures Presidents; Michael A Nutter; 2004-2005 Hon John D Perdue, West Virginia; 2006-2007 Hon Tate Reeves,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2

| | |
|---|---|
| Mississippi; David B Sentelle; 2008-2009 Hon Jeb Spaulding, Vermont; Gregg W Steinhafel, President & CEO of Target Corporation; 2005-2006 Hon. Jody M Wagner, Virginia; Oprah Winfrey; Brian Beckwith, Deputy Director of the US Marshals Service; John F Clark, Director of the US Marshals Service; William J Clinton; Gene L Dodaro; Ronald C. Machen, Jr., US Attorney DC; Phillip D Morse, Chief of Capitol Police Dept; Rand Paul, US Senator; US House of Representatives, et al & All Related Defendants; United States Senate, et al; David M Walker, Former US Comptroller General, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district judge.

I.     Factual Background

Plaintiff is a citizen of Fullerton, California. Compl. at 6 [Entry #1]. Although the complaint consists of only six pages, the entire pleading, with attachments, totals eighty-three pages. [Entry #1]. Plaintiff names as defendants 258 separate corporations, corporate officials, federal government agencies and officials, members of the federal judicial and legislative branches, and several entertainment/communication industry personalities. The allegations in the complaint consists only of the statement: "The Defendants are guilty of the following crimes," followed by a list of numerous California and federal criminal statutes and a brief description of the "state action" element of a cause of action under 42 U.S.C. § 1983.

3

*Id*. at 4–6. Plaintiff does not provide any allegations that would support a finding that this court has personal jurisdiction over the defendants or that this is the correct venue for the case. *Id*. Also, Plaintiff does not request specific relief from the court, thus leading the court to infer that he wants criminal charges brought against all defendants.

As of April 26, 2012, this *pro se* litigant has filed over 76 civil actions in various federal courts throughout the country since May 2009. *See* Admin. Office of U. S. Courts, *PACER*, https://pcl.uscourts.gov (last consulted April 26, 2012 (1:17pm)). Review of a representative group of these cases through the PACER website discloses that all involve similar filings to those made in this case: they name multiple public figures as defendants and contain claims of criminal violations, RICO violations, denial of access to courts, and general constitutional violations.

II.    Discussion

   A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v.*

*Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

Initially, as many other federal courts have done when faced with one of Plaintiff's massive but frivolous pleadings, this court should deny Plaintiff's Motion for Leave to Proceed *in forma pauperis*. [Entry #2]. A district court has discretion to grant or deny an application for *in forma pauperis* status. *See* 28 U.S.C. § 1915(a) (2006); *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). The district court's discretion is limited to a determination of the applicant's poverty, good faith, and the meritorious character of the claim. *Dillard*, 626 F.2d at 364 (citing *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915)). Thus, the Fourth Circuit has held that when a district court determines that a

5

pleading is frivolous, the court may deny leave to proceed *in forma pauperis*. *Graham v. Riddle*, 554 F.2d 133, 134 (4th Cir. 1977); *see also* 28 U.S.C. § 1915(e)(2)(B)(i) (2006) (requiring a district court to dismiss a complaint if, at any time, it finds the complaint to be frivolous). For the reasons discussed in the remainder of this report, Plaintiff's complaint is frivolous and not filed in good faith. Thus, it is recommended that the district judge deny his request for *in forma pauperis* status in this case.

Plaintiff's complaint is frivolous and subject to summary dismissal because, despite the length of the pleading as a whole, it does not comply with the minimal requirements for a pleading set out in Fed. R. Civ. P. 8. While the liberal pleading requirements of Rule 8(a) only require that a pleading contain a short and plain statement of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against defendants, courts hold that the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Although the court must liberally construe Plaintiff's *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

As stated above, Plaintiff names 258 defendants in this case and alleges they all violated various California and federal criminal statutes. Plaintiff fails to provide the court

6

with any factual background for the claims he attempts to raise in this case. For instance, he does not state which defendant violated which statute or statutes, describe how or where any defendant violated any of the listed statutes, indicate what type of crime each of the statutes cover, or request any relief related to the alleged criminal violations. It is well-settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or advocates for *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d at 1151. The many missing factual allegations and the broad legal conclusions in Plaintiff's complaint require the court to act as mind-reader as to Plaintiff's bases for his claims and his desired relief should the case be allowed to go forward. Because the complaint does not satisfy Rule 8, it is frivolous and the undersigned recommends it be summarily dismissed.

Even if the complaint could be found sufficient to satisfy the pleading requirements of Rule 8, the nature of the allegations are nevertheless frivolous because a private individual such as Plaintiff cannot have criminal charges filed against other private or public persons or entities by way of a civil lawsuit. Private citizens do not have a constitutional right to, or a judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S. v. Richard D.* and collecting cases). Closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981), which arose in South Carolina. Inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a

7

solicitor's request, declined to issue the warrants. In *Leeke*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *See* 454 U.S. at 86–87.

Although Plaintiff claims that defendants violated criminal laws, he does not specify that any of his own constitutional rights have been violated by law enforcement's failure to prosecute them. The authorities cited and discussed above make clear that private citizens have no federal constitutional right to have any other individual charged with a crime, and that such claims routinely fail unless a valid equal protection or substantive due process claim based on invidious, class-based discrimination is stated. A careful examination of the allegations contained in the Plaintiff's complaint does not disclose reference to any specific federal constitutional or statutory rights allegedly violated by any defendants' failure to be prosecuted, nor are there any allegations that any defendants failed or refused to criminally charge another because of racial, religious, gender or other illegal discrimination. Thus, no federal cause of action under 42 U.S.C. § 1983 is stated, even under the most liberal construction of the complaint in this case. The complaint cannot be amended in any manner to correct the substantive problems that are evident on its face, and, in light of Plaintiff's excessive frivolous filings throughout the country, it should be considered maliciously filed.

III.     Conclusion

Accordingly, it is recommended that the district judge deny the Motion for Leave to Proceed *in forma pauperis* and dismiss the complaint in this case *with prejudice*.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

April 30, 2012                                          Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).